## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## LAFAYETTE DIVISION

Gregorio Vasquez Ramirez        Civil Action No. 6:16-CV-1157

versus        Judge Rebecca F. Doherty

Contractor Labor Services, LLC
and Eduardo Hernandez        Magistrate Judge Carol B. Whitehurst

### REPORT AND RECOMMENDATION

Pending before the Court is the parties' Joint Motion for Approval of Settlement and Motion for Dismissal with Prejudice. (Doc. 7.)  Plaintiff's Complaint asserts violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* (the "FLSA"). (Doc. 1.)  For the following reasons, the undersigned recommends that the parties' joint motions be granted.

The FLSA provides that "no employer shall employ any of his employees . . . for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. § 207(a)(1). Plaintiff alleges in his Complaint that he "is entitled to payment of additional wages at the rate of one and one-half times the rate of his regular pay for all hours worked in excess of forty hours per week throughout the duration of his employment." (Doc. 1 at ¶ 8.)

Under the terms of the Proposed Settlement, Plaintiff will receive the sum of $6,643.00, which is "an amount intended to compensate [Plaintiff] for any unpaid overtime, plus his court costs ($400) and attorneys' fees ($2,500)."  (Doc. 7-1 at p. 1.)  The Proposed Settlement further sets forth that Plaintiff would release and discharge the Employer[1] and all affiliated parties from any cause of action arising from Plaintiff's employment or separation from employment.  (Doc. 7-1 at p. 1). Plaintiff further agrees not to apply for any further employment with the Employer. (Doc. 7-1 at p. 1.)

The Court must scrutinize the proposed settlement under the FLSA for fairness before issuing its approval.  *See Schulte v. Gangi*, 328 U.S. 108, 113 n.8 (1946); *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-55 (11th Cir. 1982); *Akins v. Worley Catastrophe Response, LLC*, No. 12-2401, 2014 WL 1456382, at *1 (E.D. La. Apr. 14, 2014).  Such scrutiny is necessary because "[t]he provisions of the [FLSA] are mandatory, and not subject to negotiation between employers and employees."  *Collins v. Sanderson Farms, Inc.*, 568 F. Supp. 2d 714, 718 (E.D. La. 2008).  When considering an FLSA settlement agreement, the Court "must determine

---

[1]  The "Employer" is defined under the Proposed Settlement as Defendants Contractor Labor Services, LLC and Eduardo Hernandez.  (Doc. 7-1 at p. 1.)

that the compromise is a fair and reasonable resolution of a bona fide dispute over FLSA's provisions." *Domingue v. Sun Electrical & Instrumentation, Inc.*, No. 09-682, 2010 WL 1688793, at *1 (E.D. Apr. 26, 2010).

Based on its review of the allegations in the complaint, the terms of proposed Settlement Agreement, and the parties assertions in support of their joint motions, the Court finds that the Proposed Settlement is a fair and reasonable resolution of a bona fide dispute.  The proposed settlement is both fair and reasonable in that it is the result of an adversarial proceeding and reflects a negotiated compromise at this early stage in the litigation between parties who are each represented by counsel.  The Court further finds that the negotiated attorneys' fees are neither excessive nor unreasonable.

Based on the foregoing reasons, the undersigned RECOMMENDS that the Proposed Settlement be APPROVED and, accordingly, that the Court GRANT the Joint Motion for Approval of Settlement (Doc. 7) on the terms and conditions set forth in the proposed Settlement Agreement.

The undersigned further RECOMMENDS that the Joint Motion for Dismissal with Prejudice (Doc. 7) be GRANTED.

Because the parties have agreed on the payment of settlement funds, court costs, and attorneys' fees, and there has been no objections to the settlement filed in the record, the Court hereby shortens the time period for objections set forth in 28 U.S.C. § 636(b)(1)(C).  The parties have five (5) days to serve and file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation.

FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FACTUAL FINDINGS AND/OR THE PROPOSED LEGAL CONCLUSIONS REFLECTED IN THIS REPORT AND RECOMMENDATION WITHIN FIVE (5) DAYS FOLLOWING THE DATE OF ITS SERVICE, SHALL BAR AN AGGRIEVED PARTY FROM ATTACKING THE FACTUAL FINDINGS OR THE LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT COURT, EXCEPT UPON GROUNDS OF PLAIN ERROR.  *DOUGLASS V. UNITED SERVICES AUTOMOBILE ASSOCIATION*, 79 F.3D 1415 (5TH CIR. 1996).

THUS DONE AND SIGNED in Lafayette, Louisiana, this  9th  day of December, 2016.

_____
UNITED STATES MAGISTRATE JUDGE

4